IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **INNOVATIVE AUTOMATION, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:11-CV-234** |
| v. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **AUDIO VIDEO AND VIDEO LABS, INC., et al.,** | § | |
| | § | |
| *Defendants* | § | |
| | § | |

## ORDER

Formats Unlimited, Inc. ("Formats") moves for dismissal of Innovative Automation, LLC's ("Innovative") claims against it based on improper venue. *See* (Doc. Nos. 48 & 97) at 12-14. Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant like Formats "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* 28 U.S.C. § 1391(c); *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). As a result, the venue analysis is similar to the personal jurisdiction analysis; however, the relevant contacts are limited to those in the Eastern District of Texas. *See* § 28 U.S.C. § 1391(c) ("In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State"); *VE Holdings Corp.*, 917 F.2d 1583-84 (holding that the patent venue statute should be read

consistently with Section 1391(c)); *Avery Dennison Corp. v. Alien Technology Corp.* 632 F. Supp. 2d 700, 712-13 (N.D. Ohio 2008) (finding that a plaintiff must show contacts with the district in which suit was filed).

Based on the record presented, the Court cannot conclude that venue is proper in this District under Section 1400(b). However, Innovative argues that it could establish specific jurisdiction based on Formats' sales in the District. *See* (Doc. No. 68) at 12 n 2. Accordingly, the Court will provide Innovative with the opportunity to conduct jurisdictional discovery as it relates to venue. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (recognizing the availability of jurisdictional and venue discovery); *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968) ("Of course the trial court may permit discovery on [a motion to dismiss for improper venue] and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession"). Innovative will have until **May 3, 2012** to complete jurisdictional discovery as it pertains to proper venue. Innovative shall submit a supplemental opposition brief no longer than ten pages by **May 10, 2012**. Formats may then submit a supplemental reply brief no longer than five pages in response to Innovative's submission by **May 17, 2012**.

**So ORDERED and SIGNED this 3rd day of April, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE