IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INNOVATIVE AUTOMATION LLC,<br>     Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | NO. 6:11cv234 LED-JDL |
| | § | PATENT CASE |
| AUDIO AND VIDEO LABS, INC. d/b/a<br>DISC MAKERS, et al.,<br>     Defendants. | §<br>§<br>§<br>§<br>§ | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the U.S. Magistrate Judge ("Report"), which recommends granting Defendant Formats Unlimited, Inc.'s ("Formats") Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3) And, In The Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) (Doc. No. 48 & 97) ("Motion"), has been presented for consideration (Doc. No. 201). Plaintiff Innovative Automation LLC ("Innovative") filed a Motion for Reconsideration of the Report (Doc. No. 210). Defendants filed a Response (Doc. No. 216) and Innovative filed a Reply (Doc. No. 222).

Having considered Innovative's Motion to Reconsider, the Court clarifies the reasoning of the Report and Recommendation. The Motion to Dismiss (Doc. No. 201) is **GRANTED.**

The Magistrate Judge has given Innovative many attempts to produce evidence on jurisdiction and venue. Formats filed its Motion to Dismiss for lack of personal jurisdiction or improper venue on July 15, 2011. (Dkt. No. 48.). Innovative filed a Response (Dkt. No. 68) and the Magistrate Judge heard argument on December 7, 2011. After issuing an Order on April 3,

2012, indicating that the Court could not conclude from the record presented that venue was proper in the Eastern District of Texas, *See* (Doc. No. 189), the Court permitted Innovative to conduct venue discovery and ordered Innovative to file a supplemental opposition brief by May 10, 2012. *See id.* at 2. Moreover, on May 11, the Court granted Innovative's motion to extend the deadline to file its supplemental brief to May 24, 2012, warning that no further extensions would be granted (Doc. No. 195). Innovative failed to file a supplemental brief by the deadline. In light of Innovative's failure to produce evidence of proper venue, the Magistrate Judge issued a Report and Recommendation recommending that Formats's Motion be granted. Innovative claims the reason for its tardiness was due to the late disclosure of necessary documents on June 12, 2012. PLAINTIFF'S MOTION TO RECONSIDER at 3. Thus, Innovative did not serve the Court with its Motion to Reconsider presenting new evidence until June 18, 2012. (Doc. No. 210). However, no extension was requested.

The newly discovered evidence Innovative now presents consists of 9 sales by third-party distributors in the State of Texas, only 1 of which was a sale in the Eastern District of Texas. PLAINTIFF'S MOTION TO RECONSIDER at 4 (Doc. No. 210). Even if Innovative's newly presented evidence is enough to give the Court specific jurisdiction over Formats, the evidence is not enough to pass muster on improper venue. For venue purposes, the Court's scope of determination is limited to a personal jurisdiction inquiry within its own judicial district. 28 U.S.C § 1391(c)(2) (2011). Thus, Innovative must show that (1) Defendants have purposefully availed themselves of the benefits and protections of this judicial district by establishing minimum contacts with the district; and (2) the exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. *Id.*, *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316–20 (1945); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–77 (1985).

Innovative bears the burden of producing facts showing that the defendant is subject to personal jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

Here, Defendant Formats is incorporated in the State of New York with its principal place of business in New York. Innovative has not put forth anything more than one sale to tie Formats to this district. COMPLAINT at 3 (Doc. No. 1). One sale by a third-party distributor is a tenuous tie to this district and there is no precedent to support that such a showing is enough to establish sufficient minimum contacts for personal jurisdiction purposes. Given Innovative's failure to neither comply with the deadline nor seek a further extension, coupled with the minimal nature of Innovative's jurisdictional evidence, the Court finds no need to reconsider the Magistrate Judge's Order. Accordingly, the Court **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court and the Motion for Reconsideration is **DENIED**. The Motion to Dismiss is **GRANTED.**

**So ORDERED and SIGNED this 27th day of September, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**